UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Entertainment One US LP,

                Petitioner,

–v–

James Robinson,

                Respondent.



18-cv-07147 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

Petitioner Entertainment One US LP brought this action to confirm an arbitral award (the "Award") against Respondent James Robinson, a former employee. Respondent then moved to dismiss. For the reasons given below, the Court DENIES Respondent's motion to dismiss and GRANTS Petitioner's motion to confirm the award.

I.    BACKGROUND

The following background facts are drawn from the underlying award and are not in dispute. Dkt. No. 1-1. Respondent worked for Petitioner from 2011 to 2013, when he was terminated. *Id.* at 2-3. Respondent brought the underlying arbitration proceeding here in 2016. *Id.* at 4. Respondent brought claims for breach of contract, breach of the covenant of good faith and fair dealing, intentional and negligent infliction of emotion distress, discrimination and retaliation on the basis of race, unjust enrichment, and *quantum meruit* recovery of royalties. *Id.* Petitioner brought counterclaims for breach of contract, tortious interference with contract, and unfaithful servant. *Id.* at 5. On August 14, 2017, the Arbitrator denied all of Respondent's claims and granted Petitioner's claims in part and denied them in part. *Id.* at 36. The Arbitrator awarded Petitioner $24,805.87 including interest. *Id.*

On August 8, 2018, Petitioner filed the instant Petition to Confirm Arbitration Award in this Court. Dkt. No. 1. On January 23, 2019, Petitioner filed a motion to confirm the arbitration and Respondent filed a motion to dismiss. Dkt. Nos. 16 & 20.

## II. LEGAL STANDARDS

### A. Motion to Dismiss Under Rules 12(b)(1) and (3)

A motion brought under Federal Rule of Civil Procedure 12(b)(1) challenges the Court's subject matter jurisdiction to hear a case. *See* Fed. R. Civ. P. 12(b)(1). Pursuant to Rule 12(b)(1), dismissal for lack of subject matter jurisdiction is appropriate if the Court determines that it lacks the constitutional or statutory power to adjudicate the case. *See Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint (or petition) as true, and draw all reasonable inferences in favor of the party asserting jurisdiction." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016) (quoting *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014)). A court "may consider affidavits and other materials beyond the pleadings to resolve the jurisdictional issue, but [the Court] may not rely on conclusory or hearsay statements contained in the affidavits." *J.S. ex rel. N.S. v. Attica Cent. Schs.*, 386 F.3d 107, 110 (2d Cir. 2004).

"On a motion to dismiss a complaint under Rule 12(b)(3) for improper venue, 'the plaintiff bears the burden of establishing that venue is proper.'" *Savoy Senior Hous. Corp. v. TRBC Ministries, LLC*, 401 B.R. 589, 596 (S.D.N.Y. 2009) (quoting *French Transit v. Modern Coupon Sys.*, 858 F.Supp. 22, 25 (S.D.N.Y. 1994)). As with a motion under 12(b)(1), "[i]n evaluating a motion to dismiss for improper venue under Rule 12(b)(3), the court 'must accept the facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor.'" *Cavu Releasing, LLC. v. Fries*, 419 F. Supp. 2d 388, 394 (S.D.N.Y. 2005) (quoting

2

*Dolson v. New York State Thruway Auth.*, No. 00-cv-6439 (RLC), 2001 WL 363032, at *1 (S.D.N.Y. April 11, 2001)).

### B. Motion to Confirm Arbitration

"The confirmation of an arbitration award is a summary proceeding that merely makes what is already a final arbitration award a judgment of the Court." *Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 23 (2d Cir. 1997) (quoting *Florasynth, Inc. v. Pickholz*, 750 F.2d 171, 176 (2d Cir. 1984)). In order "[t]o encourage and support the use of arbitration by consenting parties," courts apply "an extremely deferential standard of review" in reviewing arbitral awards. *Porzig v. Dresdner, Kleinwort, Benson, North Am. LLC*, 497 F.3d 133, 139 (2d Cir. 2007). Accordingly, "the burden of proof necessary to avoid confirmation of an arbitration award is very high." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 103 (2d Cir. 2013) (internal quotation marks omitted). There are four grounds on which a Court may vacate, modify, or correct an award. *See* 9 U.S.C. § 10(a). The Supreme Court has cautioned that "[r]eview under § 10 focuses on misconduct rather than mistake." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 350-51 (2011). In addition, an arbitrator's award will not be confirmed if it is in "manifest disregard of the law" or "manifest disregard of the terms of the parties' relevant agreement." *Schwartz v. Merrill Lynch & Co., Inc.*, 665 F.3d 444, 452 (2d Cir. 2011) (internal brackets and quotation marks omitted).

## III. RESPONDENT'S MOTION TO DISMISS IS DENIED

Respondent moves to dismiss on the grounds that the Court lacks subject matter jurisdiction and that venue is proper only in state court.

### A. This Court Has Diversity Jurisdiction

Respondent contends that this Court lacks diversity jurisdiction because the amount in controversy requirement is not met. The Second Circuit has not yet determined how the amount

3

in controversy should be calculated in the context of petitions to confirm arbitration, and courts in this circuit are divided on this question. *See MICHAEL ERDHEIM, Petitioner, v. STUART HARRIS, both individually & as Ex'r of the Frank Worth Estate, Respondent.*, No. 18-cv-8601 (LGS), 2019 WL 3219385, at *2 (S.D.N.Y. July 17, 2019) (citing cases). However, this Court need not weigh in on this split here. Both the "award" and the "demand" methods adopted by courts in this circuit provide that when a petition to confirm is brought by the prevailing defendant in the underlying arbitration, the amount in controversy is the amount of damages originally requested by the plaintiff in the arbitration. *See Nat'l Cas. Co. v. Resolute Reinsurance Co.*, No. 15-cv-9440 (DLC), 2016 WL 1178779, at *2 (S.D.N.Y. Mar. 24, 2016) (under "demand" method, amount in controversy is the amount demanded by the plaintiff in the underlying arbitration); *N. Am. Thought Combine, Inc. v. Kelly*, 249 F. Supp. 2d 283, 286 (S.D.N.Y. 2003) (under "award" method, when a defendant has prevailed in the arbitration "a court should look to the value of the relief requested in the arbitration complaint" as the amount in controversy); *Sierra v. Bally Total Fitness Corp.*, No. 1:06-cv-01688 (ENV), 2007 WL 1028937, at *3 (E.D.N.Y. Mar. 30, 2007) (noting that in the context of a motion to confirm brought by a prevailing defendant, the two methods produce the same result). Respondent—the plaintiff in the underlying arbitration—initially sought damages of at least seven hundred thousand dollars. Dkt. No. 1-3 ¶ 84. Accordingly, the amount in controversy requirement is met here.

The Court also has jurisdiction over the counterclaims that Respondent brought in the underlying arbitration. The parties do not address whether, if a court has diversity jurisdiction over the claims by the plaintiff in the underlying arbitration, a separate jurisdictional basis is necessary for counterclaims by the defendant in that arbitration. *Cf. Jones v. Ford Motor Credit*

*Co.*, 358 F.3d 205, 213 (2d Cir. 2004) (independent basis of jurisdiction is required for permissive counterclaims). A federal court has an independent duty to ensure that it has subject matter jurisdiction. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012) ("When a requirement goes to subject-matter jurisdiction, courts are obligated to consider *sua sponte* issues that the parties have disclaimed or have not presented."). However, even if an independent jurisdictional basis were necessary, Petitioner's counterclaims derive from "a common nucleus of operative facts" as the initial claims and the Court sees no basis to decline to exercise supplemental jurisdiction. *See Shahriar v. Smith & Wollensky Rest. Grp., Inc.*, 659 F.3d 234, 245 (2d Cir. 2011). Accordingly, if it were necessary, the Court would also have supplemental jurisdiction over Petitioner's counterclaims.

As there is complete diversity of parties and the amount in controversy requirement is met, this Court has diversity jurisdiction over this matter. Comp. ¶ 2. Because the Court finds that it has diversity jurisdiction, it is unnecessary to address whether there is also federal question jurisdiction. Respondent's motion to dismiss for lack of jurisdiction is DENIED.

### B. Venue is Proper in Federal Court

Respondent contends that because the party's agreement is governed by the law of New York, this proceeding can properly be brought only in New York courts, specifically those in Nassau County. Dkt. No. 21 at 4. This is plainly incorrect. Not only do federal courts routinely apply New York law, but the relevant contract between the parties contains no limitation on venue in federal court, stating instead that an "award rendered by the Arbitrator shall be final and binding, and judgment may be entered in accordance with applicable law in *any* court having jurisdiction thereof." Dkt. No. 1-2 at 12, § 11 (emphasis added). As the Award was made in Manhattan, Dkt. No. 1 ¶ 3, the Court concludes that venue proper in this Court. Respondent's motion to dismiss for improper venue is DENIED.

5

## IV. PETITIONER'S PETITION TO CONFIRM ARBITRATION IS GRANTED

Turning to Petitioner's motion to confirm the Award, the Court first determines whether the Federal Arbitration Act ("FAA") applies before addressing the merits.

### A. The FAA Applies Here

Respondent contends that New York arbitration law, rather than the FAA, applies here. This is incorrect.

The New York Court of Appeals has made clear that the default rules of the FAA govern unless the relevant contract specifies that "New York law shall govern both the agreement *and its enforcement.*" *Diamond Waterproofing Sys., Inc. v. 55 Liberty Owners Corp.*, 826 N.E.2d 802, 806 (N.Y. 2005) (internal quotation marks omitted). In the absence of this "critical language concerning enforcement," the FAA applies. *Penrod Mgmt. Grp. v. Stewart's Mobile Concepts, Ltd.*, No. 07-cv-10649 (JGK), 2008 WL 463720, at *2 (S.D.N.Y. Feb. 19, 2008) (quoting *Diamond Waterproofing*, 826 N.E.2d at 806); *see also CRC Inc. v. Computer Scis. Corp.*, No. 10-cv-4981 (HB), 2010 WL 4058152, at *2 (S.D.N.Y. Oct. 14, 2010) (same). Here, the contract only states that the arbitrator "shall interpret this Agreement in accordance with the laws of the State of New York" and that after an award is rendered "judgment may be entered in accordance with applicable law in any court having jurisdiction thereof." Dkt. 1-2 § 11. Since the "critical language" stating that enforcement is governed by New York law is absent, the FAA applies.

### B. The Arbitration Award is Confirmed

Unless an arbitration award is "vacated, modified, or corrected," a Court will grant a motion to confirm that award. *Hall St. Assocs., L.L.C. v. Mattel, Inc.*, 552 U.S. 576, 587-88 (2008) (citing 9 U.S.C. § 9). As an initial matter, Respondent has failed to move to vacate, modify, or correct the arbitration award within the three-month period required by the FAA. *See*

6

9 U.S.C. § 12; *see also Wallace v. Buttar*, 378 F.3d 182, 197–98 (2d Cir. 2004) ("[A] party may not raise a motion to vacate, modify or correct an arbitration award after the three month period has run, even when raised as a defense to a motion to confirm." (quoting *Florasynth,*, 750 F.2d at 175). However, even if the Court were to consider Respondent's untimely arguments, there is no basis to vacate, modify, or correct the Award.

First, Respondent has not shown that there was "evident partiality or corruption in the arbitrator." 9 U.S.C. § 10(a)(2). The Second Circuit has held that "evident partiality . . . will be found where a reasonable person would have to conclude that an arbitrator was partial to one party to the arbitration." *Scandinavian Reins. Co. v. Saint Paul Fire & Marine Ins. Co.*, 668 F.3d 60, 72 (2d Cir. 2012) (internal quotation marks omitted). "Unlike a judge, who can be disqualified in any proceeding in which his impartiality might reasonably be questioned, an arbitrator is disqualified only when a reasonable person, considering all the circumstances, would *have* to conclude that an arbitrator was partial to one side." *Id.* (citation omitted). "[P]roof of actual bias is not required," and "partiality can be inferred from the objective facts inconsistent with impartiality." *Kolel Beth*, 729 F.3d at 104 (internal quotation marks omitted). Yet the party seeking to avoid confirmation "bear[s] a high burden of demonstrating objective facts inconsistent with impartiality." *Id.* at 105 (internal quotation marks omitted).

Respondent falls far short of meeting this burden. Respondent, without citing to any evidence, speculates that Petitioner must have known in advance that a third-party witness would appear only by video. Dkt. No. 24 at 9-10. Respondent implies, but does not assert, that this was the result of *ex parte* communications between the Arbitrator and Petitioner. *Id.* This is patently insufficient. Respondent's only other argument rests on a mischaracterization of the award. The Arbitrator found that Respondent solicited another of Petitioner's employees to

7

leave their employment. Award at 5-10. The fact that one of these employees testified that Respond never gave her "a formal offer" or a "written offer" at another company does not contradict the Arbitrator's conclusion, much less show corruption or partiality. Dkt. No. 24 at 9-10. Respondent therefore has failed to demonstrate objective facts inconsistent with impartiality.

Nor has Respondent shown that the Arbitrator was "guilty of misconduct" for "refusing to postpone the hearing" or "refusing to hear evidence pertinent and material to the controversy" or "any other misbehavior." 9 U.S.C. § 10(a)(3). Arbitral hearings are not required to follow the formal procedures of a court. *Tempo Shain Corp. v. Bertek, Inc.*, 120 F.3d 16, 20 (2d Cir. 1997). Arbitrators "possess broad latitude to determine the procedures governing their proceedings, to hear or not hear additional evidence, . . . and otherwise to restrict the scope of evidentiary submissions." *Fid. Brokerage Servs. LLC v. Deutsch*, No. 17-cv-5778 (NRB), 2018 WL 2947972, at *6 (S.D.N.Y. May 31, 2018), *aff'd*, 763 F. App'x 104 (2d Cir. 2019) (quoting *Commercial Risk Reinsurance Co. v. Sec. Ins. Co. of Hartford*, 526 F. Supp. 2d 424, 428 (S.D.N.Y. 2007)). Accordingly, "misconduct occurs under this provision only where there is a denial of 'fundamental fairness.'" *Kolel*, 729 F.3d at 104 (quoting *Tempo Shain*, 120 F.3d at 20).

Respondent contends that the Arbitrator refused to hear all of the evidence because a third-party witness was permitted to appear for only a few hours by video during the arbitration hearing. Dkt. No. 24 at 9. Respondent asserts that he "was unable to have a full opportunity to defend the claims in real time," Dkt. No. 24 at 9, but does not deny that he had the opportunity to question the witness, Dkt. No. 27 at 6. Nor does Respondent identify what evidence the Arbitrator declined to hear or what further lines of inquiry he was prevented from pursuing. Dkt. No. 24 at 9. This is insufficient to show that the hearing was fundamentally unfair.

Respondent has also failed to show that the Arbitrator "exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter was not made." 9 U.S.C. § 10(a)(1)-(3). "The Second Circuit Court of Appeals has 'consistently accorded the narrowest of readings to the FAA's authorization to vacate awards pursuant to § 10(a)(4).'" *Ecopetrol S.A. v. Offshore Expl. & Prod. LLC*, 46 F. Supp. 3d 327, 341 (S.D.N.Y. 2014) (quoting *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 262 (2d Cir. 2003)). "If the parties agreed to submit an issue for arbitration, we will uphold a challenged award as long as the arbitrator offers a barely colorable justification for the outcome reached." *ReliaStar Life Ins. Co. of N.Y. v. EMC Nat. Life Co.*, 564 F.3d 81, 86 (2d Cir. 2009) (internal quotation marks omitted). Thus, "as long as the arbitrator is even arguably construing or applying the contract and acting within the scope of his authority, a court's conviction that the arbitrator has committed serious error in resolving the disputed issue does not suffice to overturn his decision." *Id.* (internal quotation marks omitted).

Respondent's five arguments that the Arbitrator acted outside the scope of their authority are, in essence, attacks on the Arbitrator's conclusions and can be rejected summarily. Respondent's first argument reiterates his mischaracterization of testimony and otherwise relies on unsubstantiated allegations of perjury. Dkt. No. 24 at 11-12. Respondent's second and third arguments misread the Arbitrator's decision, *id.* at 12-15, which relied on Respondent's violation of his duty of loyalty to Petitioner, not the non-solicitation clause in the agreement, Dkt No. 17-2 at 9-10. Respondent's fourth argument, Dkt. No. 24 at 16, is inapposite, since even if Respondent had made out a *prima facie* case of retaliation, the Arbitrator concluded that Petitioner had sufficiently shown that the termination was based on a legitimate, nondiscriminatory reason, which Respondent failed to rebut. Award at 29-30. As to

9

Respondent's fifth argument, Dkt. No. 24 at 17, he does not provide any evidence that would justify overturning the Arbitrator's calculation of damages, which again rested on a colorable basis in the record. Dkt. No.17-2 at 16-18. Accordingly, there is a colorable basis for the Award and the Respondent has not shown that the Arbitrator acted outside the scope of his powers.

Finally, the Court discerns no evidence of manifest disregard for law or the parties' agreement in the Arbitrator's Award. *See Schwartz*, 665 F.3d at 452. Nor do any of Respondents' untimely arguments described above meet this high standard.

Finding no other fault in the Award, the Court GRANTS Petitioner's motion.

### C. Petitioner is Entitled to Prejudgment Interest

Petitioner also requests pre-judgment interest beginning on the date of the award. As the agreement between the parties is to be governed by New York law, this Court applies "New York's simple statutory rate of 9%." *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991).

## V. CONCLUSION

Respondent's motion to dismiss is hereby DENIED. Petitioner's motion to confirm the Arbitration is hereby GRANTED. This resolves docket items numbers 16 and 20. The Clerk of Court is directed to enter judgment in Petitioner's favor in the amount of $24,805.97 plus nine percent interest beginning on August 14, 2017. As this Opinion and Order resolves Petitioner's petition to confirm arbitration, the Clerk of Court is directed to enter judgment in Petitioner's favor and close the case.

SO ORDERED.

Dated: ~~August~~ Sept 23, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge